ABEL GARIBALDI, Plaintiff-Appellant, v. ROBERT APPLEBAUM *et al.*, Defendants-Appellees.

First District (4th Division)  No. 1—93—2659

Opinion filed June 29, 1995.—Rehearing denied August 2, 1995.

Edward T. Joyce, Arthur W. Aufmann, and Rowena T. Paras, all of Edward T. Joyce & Associates, of Chicago, for appellant.

Hinshaw & Culbertson, of Chicago (Robert E. Nord, William G. Swindal, and Nancy G. Lischer, of counsel), for appellee St. Francis Hospital and Health Center.

Stephen P. Carponelli and Albert M.T. Finch III, both of Carponelli & Krug, P.C., of Chicago, for other appellees.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Dr. Abel Garibaldi appeals the grant of summary judgment for defendants on count I of his complaint for declaratory and injunctive relief. We reverse and remand.

Garibaldi was a member of Cardiovascular Renal Consultants (CRC) until 1992. Defendants Dr. Applebaum, Dr. Hoeksema, and Dr. Allocco were also members. The doctors of CRC performed open heart surgery at hospitals in the Chicago area. St. Francis Hospital had entered into an exclusive contract with CRC in 1987. The contract provided that only members of CRC could perform open heart surgery at the hospital.

CRC was dissolved in early 1992. Applebaum, Hoeksema, and Allocco then formed a new corporation, Cardiovascular Medical Consultants (CMC). CMC performed open heart surgery at St. Francis in 1992, but did not have an exclusive contract with the hospital. Garibaldi also performed open heart surgery at the hospital as an independent practitioner.

The hospital learned in October 1992 that the mortality rates for Garibaldi's patients had increased since he began to perform open heart surgery on high risk patients in early 1992. It also learned that some of Garibaldi's assistants were not certified as cardiovascular surgeons. The hospital's cardiac conference committee met to discuss

Garibaldi's practice and possible responses of the hospital to the increased mortality rates.

Within a month, the hospital entered into an exclusive contract with Applebaum. The contract stated that only Applebaum's employees would be allowed to perform open heart surgery at the hospital.

When his exclusive contract went into effect on January 1, 1993, Applebaum refused to employ Garibaldi. Garibaldi then filed this action seeking declaratory and injunctive relief in count I and damages for breach of contract and tortious interference in counts II and III. Garibaldi alleged that St. Francis Hospital failed to follow the notice and hearing procedures required under articles VII and VIII of the bylaws when it contracted with Applebaum, effectively extinguishing Garibaldi's clinical privileges. Article VII, section 3(c), of the hospital bylaws states:

> "Actions which limit, reduce, suspend or revoke *membership or clinical privileges* of a practitioner of the staff of the Hospital or revoke staff membership shall be deemed to be adverse to the practitioner and shall entitle the practitioner to notice and the hearing and appeal procedures as provided in Article VIII. These actions include:
>
> ***
>
> (2) Reduction, suspension or revocation of clinical privileges and/or admitting privileges;
>
> ***
>
> (4) Suspension or revocation of Specific clinical privileges or Staff membership[.]
>
> * * *
>
> Such actions constitute a recommendation by the Executive Committee to the Governing Body." (Emphasis added.)

Article VIII states in part:

> "Any practitioner against whom an adverse recommendation has been made and which involves corrective action set out in Article VII, Section 3(c) shall have the right to request a hearing on the adverse recommendation under the terms and procedures described in this Article."

Defendants moved for summary judgment on the count for declaratory and injunctive relief, which the court granted. The court ruled that Garibaldi's "staff privileges at the hospital have not been revoked" and found "no impropriety in the action of the hospital." The court then transferred the breach of contract and tortious interference counts to the law division and certified its ruling for this appeal under Supreme Court Rule 304 (134 Ill. 2d R. 304).

Garibaldi argues on appeal that the trial court erred when it

granted defendants summary judgment. Defendants argue, in response, that there is no judicial review of a private hospital's governance decisions. Defendants argue that the hospital had the authority to enter into an exclusive contract under the provisions of the bylaws. Defendants conclude that because the bylaws do not require the hospital to hold a hearing when it enters into an exclusive contract, there has been no violation of the bylaws and so no judicial review. We disagree.

Defendants rely on *Collins v. Associated Pathologists, Ltd.* (7th Cir. 1988), 844 F.2d 473, to support their argument that hospitals have the right to enter into exclusive contracts for services. But defendants sidestep the point of Garibaldi's argument. He is not attacking the right of a hospital to enter into an exclusive contract with medical providers. The right remains even where an exclusive contract forecloses other available practitioners. *Collins* does not address the issue of a staff member who was covered by the bylaws when the exclusive contract was made extinguishing his clinical privileges. The hospital in *Collins* did nothing to reduce or remove the clinical privileges of a doctor currently on staff. It refused to offer employment to plaintiff as a pathologist.

■ Defendants also rely on the language in *Knapp v. Palos Community Hospital* (1988), 176 Ill. App. 3d 1012, 531 N.E.2d 989, which articulates the limited scope of judicial review of hospital governance decisions. "Illinois cases have repeatedly recognized that decisions of private hospitals respecting the termination or curtailment of existing privileges of physicians on their medical staffs are subject only to a limited judicial review whose purpose is merely to determine whether such decisions were rendered in compliance with the bylaws of the institution." (*Knapp*, 176 Ill. App. 3d at 1018-19.) Hospital governance decisions are shielded from judicial review because the Illinois Administrative Code requires hospitals to adopt bylaws that ensure protection for the current staff. The Code requires:

"a) The medical staff shall be organized in accordance with written bylaws, rules and regulations, approved by the Governing Board. The bylaws, rules and regulations shall specifically provide ***.

1) written procedures relating to *** clinical privileges disciplinary matters.

* * *

C) The procedure shall grant to current medical staff members at least: written notice of an adverse decision by the Governing Board; an explanation and reasons for an adverse decision; the right to examine and/or present

copies of relevant information, if any, related to an adverse decision; an opportunity to appeal an adverse decision; and written notice of the decision resulting from the appeal." (77 Ill. Adm. Code § 250.310(a)(1)(C) (Supp. 1988).)

It is clear that the hospital's bylaws, set out earlier, track the requirements of the Code. When the bylaws conform to the Code, courts can properly defer to governance decisions so long as the hospital follows its bylaws. The exception to the rule of limited review exists when the hospital's decision revokes or reduces a current staff member's clinical privileges in violation of the hospital's bylaws. *Adkins v. Sarah Bush Lincoln Health Center* (1989), 129 Ill. 2d 497, 506-07, 544 N.E.2d 733.

■ The trial court erred when it concluded that Garibaldi's "staff privileges" have not been revoked. "Staff membership" and "clinical privileges" are not synonymous. Garibaldi's staff membership at the hospital has not been revoked. He is still a member of the staff. But Garibaldi's clinical privileges have been extinguished by the hospital's contract with Applebaum. The bylaws specifically address actions which "limit, reduce or suspend" clinical privileges. The hospital granted Garibaldi clinical privileges which included the right to perform open heart surgery at the hospital as a sole practitioner in 1992. Defendants Applebaum, Hoeksema, Allocco, and Cardiovascular Medical admit in their answers to interrogatories that their attorneys "have informed the attorneys for Dr. Garibaldi that he will not be allowed to perform open heart procedures at the Hospital." The hospital admitted that Applebaum is "unwilling" to enter into a contract with Garibaldi to provide open heart surgery.

The hospital's bylaws are an integral part of its contractual relationship with the members of its medical staff. (*Fahey v. Holy Family Hospital* (1975), 32 Ill. App. 3d 537, 543, 336 N.E.2d 309; see also *Pariser v. Christian Health Care Systems, Inc.* (8th Cir. 1987), 816 F.2d 1248, 1251.) The hospital clearly had a contractual relationship with Garibaldi in 1992. He was granted clinical privileges which included the right to perform open heart surgery as an independent practitioner. Revocation of this right, as we read the bylaws, is an adverse reduction in clinical privileges which entitles a staff member to notice and the hearing procedures set out in articles VII and VIII of the bylaws.

Reversed and remanded for proceedings consistent with this opinion.

HOFFMAN, P.J., and S. O'BRIEN, J., concur.